**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| PEDRO SOTO MELENDEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BANCO POPULAR DE PUERTO RICO,<br><br>Defendant. | Civil Action No. 20-1057 (JAG)<br><br>*(Lead Case for Settlement Approval Purposes, No. 20-01057-JAG)*<br><br>**JURY TRIAL DEMANDED** |
| SANDRA ORAMA CARABALLO and MIGUEL QUINONES ACOSTA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BANCO POPULAR DE PUERTO RICO,<br><br>Defendant. | Civil Action No. 22-1107<br><br>**JURY TRIAL DEMANDED** |

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, FINAL CERTIFICATION OF SETTLEMENT CLASS, AND ATTORNEYS' FEES, EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARDS**

**IT IS HEREBY ORDERED THAT** Plaintiffs' Motion for Final Approval of Class Action Settlement, Final Certification of Settlement Class, and Attorneys' Fees, Costs and Class Representative Service Awards is **GRANTED** in its entirety. Having carefully reviewed the record in the case and the evidence submitted by Plaintiffs and Class Counsel, and holding a Final Settlement Approval hearing on March 14, 2023, the Court orders as follows:

1. The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class. The Court also has personal jurisdiction over the Parties and Settlement Class Members.
2. The Settlement was entered into in good faith following arm's-length negotiations by experienced counsel with the supervision of a respected mediator and is non-collusive.
3. The Settlement is, in all respects, fair, reasonable, and adequate, in the best interests of the Settlement Class, satisfies Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), and therefore approved. The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the Settlement.
4. This Court grants final approval of the Settlement, including, but not limited to, the releases in the Settlement and the plans for distribution of the Settlement relief. The Court finds that the Settlement is, in all respects, fair, reasonable, and in the best interest of the Settlement Class. Therefore, all Settlement Class Members, who have not opted-out, are bound by the Settlement and this Final Approval Order and Judgment.
5. The Settlement and every term and provision thereof shall be deemed incorporated herein, as if explicitly set forth herein, and shall have the full force of an order of this Court.
6. The Parties shall effectuate the Settlement in accordance with its terms.

**<u>OBJECTIONS AND OPT-OUTS</u>**

7. No objections were filed by Settlement Class Members.

8. All persons and entities who have not objected to the Settlement in the manner provided in the Settlement are deemed to have waived any objections to the Settlement, including, but not limited to, by appeal, collateral attack, or otherwise.

9. Only one Settlement Class Member has timely and validly elected to opt-out of the Settlement and Settlement Class.

**CLASS CERTIFICATION**

10. For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby finally certifies for settlement purposes only the following Settlement Class:

All holders of Accounts who during the Class Period paid and were not refunded an NSF and/or OD Fee in connection with an ACH or check transaction that was presented for payment more than once, in the following instances:

(1) for ACH transactions, if the ACH transaction was resubmitted by the merchant or the merchant's bank with a "RETRY" payment indicator after the initial request for payment was declined and it was either:

a) returned by BPPR again for insufficient funds resulting in a NSF fee; or,

b) paid by BPPR against insufficient funds resulting in an OD fee.

(2) for ACH transactions, if the ACH transaction is preceded by a returned ACH entry submitted by the same merchant in the same amount within the last ten calendar days, even if the merchant did not use the "RETRY" payment indicator.

(3) for paper check transactions, if the check was resubmitted for payment after the initial request for payment was declined and it was either:

a) returned by BPPR again for insufficient funds resulting in a NSF fee; or

b) paid by BPPR against insufficient funds resulting in an OD fee.

Excluded from the Settlement Class is Defendant, its parents, subsidiaries, affiliates, officers and directors, all Settlement Class members who make a timely election to opt-out, all judges assigned to this litigation and their immediate family members, and holders of accounts at a BPPR branch located in the British Virgin Islands who do not also have an account at a BPPR branch located in the United States.

11. The Court determines that for settlement purposes, the Settlement Class meets all the requirements of Rule 23(a) and (b)(3), namely that the Settlement Class is so numerous that joinder of all members is impractical; there are common issues of law and fact; the claims of the Settlement Class Representative are typical of absent Settlement Class Members; the Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Class, as they have no interests antagonistic to or in conflict with the Settlement Class, and have retained experienced and competent counsel to prosecute this matter; common issues predominate over any individual issues; and a class action is the superior means of adjudicating the controversy.
12. The Court grants Final Approval to the appointment of Plaintiffs as the Class Representatives. The Court concludes that the Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.
13. The Court grants Final Approval to the appointment, pursuant to Rule 23(g), of Shamis & Gentile, P.A., Edelsberg Law, P.A., KalielGold PLLC, and Indiano & Williams, P.S.C. as Class Counsel. The Court concludes Class Counsel adequately represented the Settlement Class and will continue to do so.

**<u>NOTICE OF THE SETTLEMENT CLASS</u>**

14. The Court finds that the Notice program, as set forth in the Settlement and effectuated pursuant to the Preliminary Approval Order, satisfied Rule 23(c)(2), was the best Notice practicable under the circumstances, was reasonably calculated to provide, and did provide, due and sufficient Notice to the Settlement Class of the pendency of the action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement, their right to exclude themselves, their right to object to the Settlement and to

appear at the Final Approval Hearing, and satisfied the other requirements of the Federal Rules of Civil Procedure, the U.S. Constitution, and all other applicable laws.

15. The Court finds that Defendant has fully complied with the Notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715.

**ATTORNEYS' FEES, EXPENSES, AND CLASS REPRESENTATIVE SERVICE AWARDS**

16. Plaintiffs are entitled to an award of attorneys' fees under Federal Rules of Civil Procedure Rule 23(h). Plaintiffs' award of $1,815,000 in fees and $48,200.29 in expenses is fair and reasonable in light of the result obtained, the time and labor devoted to the case by Class Counsel, the skill, experience, reputation and ability of Class Counsel, the contingent nature of the fee requested, the hours spent and hourly rate of Class Counsel, a consideration of comparable settlements in other bank fee class actions, and the overwhelmingly favorable reaction of the Settlement Class. These attorneys' fees shall be paid from the Settlement Fund in accordance with the Settlement.

17. Plaintiffs' request for an award of $48,200.29 in expenses is fair and reasonable. Plaintiffs' costs and expenses in prosecuting this action are well documented and were reasonably incurred and warranted under applicable law, including for the services of an expert and to engage a well-regarded mediator to preside over settlement discussions, Hon. Jose Fusté (Ret.). This expense award shall be paid from the Settlement Fund in accordance with the Settlement.

18. The Court grants Class Counsel's request for a Service Award and awards $10,000 to each of the Plaintiffs. The Court finds that this payment is justified by Plaintiffs' service to the Settlement Class. This Service Award shall be paid from the Settlement Fund in

accordance with the Settlement.

**RELEASE OF CLAIMS**

19. The Court holds, orders and adjudges that, in exchange for the promises and benefits conferred upon them by the Settlement, the Releasing Parties (i.e., Class Representatives and each Settlement Class Member, and any Person claiming by or through the Class Representatives and each Settlement Class Member, including their respective past, present and future heirs, parents, affiliates, divisions, departments, trustees, shareholders, officers, directors, employees, administrators, managers, children, spouses, beneficiaries, predecessors, successors, conservators, executors, estates, administrators, assigns, assignees, attorneys, agents, consultants, and any other representatives of any of these Persons and entities or Persons purporting to act for them or on their behalf) have fully and finally released and discharged the Released Parties (i.e., BPPR and each of its present, former, and future parents, predecessors, successors, assigns, assignees, affiliates, conservators, divisions, departments, subdivisions, owners, partners, principals, trustees, creditors, shareholders, joint ventures, coventurers, officers, and directors (whether acting in such capacity or individually), attorneys, vendors, accountants, nominees, agents (alleged, apparent, or actual), representatives, employees, managers, administrators, and each Person or entity acting or purporting to act for them or on their behalf) of and from Released Claims (i.e., any individual, class, representative, group or collective claim, liability, right, demand, suit, matter, obligation, damage, loss, action or cause of action, of every kind and description whether arising under federal, state, common or foreign law, that a Releasing Party has or may have asserted in the Actions, or that could have asserted or could assert, including claims that are actual, assigned, known or Unknown Claims,

contingent or absolute, suspected or unsuspected, disclosed or undisclosed, accrued or un-accrued, latent or patent, contingent or non-contingent, liquidated or un-liquidated, at law or in equity, matured or unmatured, apparent or unapparent, arising out of or relating in any way to the allegations, transactions, facts, matters, occurrences, representations or omissions involved, set forth, or referred to in the Actions or with regards to the Class Fees, in all cases including any and all claims for damages, injunctive relief, interest, attorney fees, and litigation expenses).

20. The Settlement Agreement and the Release described in paragraph 19, above, are binding on all Settlement Class Members and all Releasing Parties. That Release is included in this final judgment so that all released claims and rights are barred by *res judicata*, collateral estoppel, and claim and issue preclusion.

21. The Releasing Parties are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any Released Claims against any Released Party.

**APPROVAL OF CAFA NOTICES**

22. BPPR has complied with 28 U.S.C. § 1715 and Section 5.4 of the Settlement Agreement by sending a Notice of Proposed Class Action Settlement to all required federal and state officials. That Notice was served timely and properly and is valid and effective.

**CONTINUING JURISDICTION**

23. The Court retains exclusive jurisdiction over this Settlement Agreement, including the administration and consummation of the Settlement.

**DISMISSAL WITH PREJUDICE**

24. As to the Released Parties, these Actions are dismissed with prejudice and, except for as

provided herein, without award of costs. There is no just reason for delay, and pursuant to Federal Rule of Civil Procedure 54(b), the Court directs that this judgment of dismissal as to BPPR is final.

25. The Clerk is ordered to close these cases.

**IT IS SO ORDERED.**

**DATED: March 14, 2023**

s/ Jay A. Garcia-Gregory

Honorable Jay A. García Gregory
UNITED STATES DISTRICT JUDGE